IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LUMI BRADFORD,<br><br>                Plaintiff,<br><br>v.<br><br>PILOT TRAVEL CENTERS, LLC a.k.a. PILOT FLYING J,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO COMPEL ARBITRATION AND ALTERNATIVE MOTION TO STAY LITIGATION<br><br>Case No. 2:18-CV-202 TS-DBP<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Compel Arbitration and Dismiss Pursuant to Rule 12(b)(1); Alternatively, Motion to Stay Litigation. For the reasons discussed below, the Court will grant Defendant's Motion to Compel and will grant Defendant's alternative Motion to Stay, but will deny its request for dismissal.

I. BACKGROUND

Plaintiff Lumi Bradford brings this action against his former employer Pilot Travel Centers, LLC. Plaintiff asserts claims under Title VII of the Civil Rights Act and the Age Discrimination in Employment Act based on allegations of harassment on the basis of race, gender, and age.

As part of his employment, Plaintiff signed a Mediation and Arbitration Agreement. Under that Agreement, Plaintiff agreed to submit all claims, including claims for discrimination or harassment on the basis of race, sex, and age, to binding arbitration.[1] Defendant now seeks to compel arbitration and dismiss this case or, alternatively, stay litigation.

---

[1] Docket No. 11 Ex. A.

1

## II.  DISCUSSION

The Federal Arbitration Act[2] allows a party aggrieved by the failure of another to arbitrate under a written agreement to petition any district court which, "save for such agreement, would have jurisdiction . . . for an order directing that such arbitration proceed in the manner provided for in such agreement."[3]  If the Court is "satisfied that the issue involved . . . is referable to arbitration under such an agreement," the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."[4]  The Court's role under the Federal Arbitration Act is limited to determining: (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.[5]

Here, there is no dispute that a valid agreement to arbitrate exists and that it encompasses the claims in Plaintiff's Complaint.  Therefore, the only issue to determine is the appropriate remedy.  Defendant argues for dismissal or, alternatively, for a stay.  Plaintiff argues that a stay is required under § 3 of the FAA.  The Court agrees with Plaintiff.

> 9 U.S.C. § 3 provides,
>
> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an

---

[2] 9 U.S.C. §§ 1–14.

[3] *Id.* § 4.

[4] *Id.* § 3.

[5] *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296 (2010) ("It is well settled in both commercial and labor cases that whether parties have agreed to submi[t] a particular dispute to arbitration is typically an issue for judicial determination.  It is similarly well settled that where the dispute at issue concerns contract formation, the dispute is generally for courts to decide." (alteration in original) (citations and internal quotation marks omitted)).

agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

Despite this provision seemingly requiring a stay, some courts have adopted a judicially-created exception that would allow courts to dismiss an action, rather than stay it, where it is clear that the entire controversy will be resolved by arbitration.[6] At least one Judge within this District has applied this exception.[7] Other courts, however, have rejected, either explicitly or impliedly, the notion that a court can dismiss an action in light of the language contained in § 3.[8]

In *Adair Bus Sales, Inc. v. Blue Bird Corporation*,[9] the Tenth Circuit held that it was error for a court to dismiss an action where the defendant moved to stay the action pending arbitration. The court, relying § 3 of the FAA, stated that "[t]he proper course, therefore, would have been for the district court to grant Defendant's motion and stay the action pending arbitration."[10] In light of *Adair* and the plain language of the statute, the Court concludes that a stay, rather than dismissal, is the proper result. This is especially true where, as here, Defendant has requested a stay, even though that request was made in the alternative.

---

[6] *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001); *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000); *Bercovitch v. Baldwin Sch., Inc.*, 133 F.3d 141, 156 n.21 (1st Cir. 1998); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).

[7] *Wayaka Perfection, LLC v. Youngevity Int'l, Inc.*, No. 2:16-CV-315 DN, 2017 WL 5159737, at *5 (D. Utah. Nov. 7, 2017).

[8] *Katz v. Cellco P'ship*, 794 F.3d 341, 344–46 (2d Cir. 2015); *Cont'l Cas. Co. v. Am. Nat'l Ins.*, 417 F.3d 727, 732 n.7 (7th Cir. 2005); *Lloyd v. HOVENSA, LLC*, 369 F.3d 263, 269–71 (3d Cir. 2004); *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992) (per curiam).

[9] 25 F.3d 953 (10th Cir. 1994).

[10] *Id.* at 955.

III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Compel Arbitration and Dismiss Pursuant to Rule 12(b)(1); Alternatively, Motion to Stay Litigation (Docket No. 11) is GRANTED as set forth above.  The Clerk of the court is directed to administratively close this case.  The case may be reopened upon motion of any party.

DATED this 27th day of August, 2018.

BY THE COURT:

_____
Ted Stewart
United States District Judge